**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH HOBAN, PETER PAPALEO, GLENN SIMS, and TROLUS PICKETT, | ) ) ) | |
| Plaintiff, | ) ) | 09 C 2218 |
| vs. | ) ) | Honorable Judge Rebecca R. Pallmeyer |
| TOM DART, individually and in his official capacity as Sheriff of Cook County, SALVADOR GODINEZ, individually and in his official capacity as Executive Director of Cook County Jail, JOHN MUELLER, individually and in his official capacity as Supervisor of Program Services for the Cook county Jail, THOMAS SNOOKS, individually and in his official capacity as former Superintendent of Division 10 of Cook County Jail, DAVID FARGUS, individually and in his official capacity as the Chief Operating Officer of Cermak Health Services of Cook county, NURSE JONES, Individually and in her official capacity as a Nurse for New Cermak Health Services, NURSE PRICE, individually and in her official capacity as nurse for New Cermak Health Services, NURSE MORRISON, individually and in her official capacity as a nurse for New Cermak Health Services, NURSE CLAY, individually and in her official capacity as a nurse for New Cermak Health Services, and COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO SEVER PURSUANT TO RULE 21**

NOW COME Defendants THE COUNTY OF COOK, TOM DART, Cook County Sheriff, SALVADOR GODINEZ, JOHN MUELLER, DAVID FAGUS, SUPERINTENDANT SNOOKS, NURSE CLAY, NURSE MORRISON, NURSE PRICE, and NURSE JONES, by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant,

JAMIE M. SHEEHAN, and, pursuant to 21 of the Federal Rules of Civil Procedure (FRCP), moves this court to sever the misjoinder of the plaintiffs into four separate causes of action, and stay defendants obligation to answer the present complaint pending resolution of this Motion. In support thereof, defendants state as follows:

INTRODUCTION

1) Plaintiffs, Joseph Hoban, Peter Papaleo, Glenn Simms and Truolus Pickett jointly filed a *pro se* complaint on April 9, 2009, alleging deliberate indifference to their individual medical needs by the various defendants.

2). In July and September 2009 the Court granted each individual plaintiff IFP (*in forma pauperis*) status and issued orders that each begin paying towards their own individual filing fees. [See CM/ECF docket entries 29, 31-32, 45]

3). On July 7, 2009, the Court appointed counsel to the plaintiffs. In its Minute Order the court stated that Counsel was to advise the Court whether severance was appropriate. [See CM/ECF docket entry 30]

4. That same day, plaintiffs filed yet another *pro se* complaint [See CM/ECF docket entry 33]

5. On November 10, 2009, counsel filed an Amended Complaint on behalf of the four plaintiffs. [See CM/ECF document 48]

ARGUMENT

The four plaintiffs are all pre-trial detainees at the Cook County Department of Corrections and commenced this litigation *pro se*. Therefore, they were likely unfamiliar with the applicable rules and standards for multiple plaintiffs to join in the same lawsuit. However, defendants contend that upon appointment, counsel should have moved to sever the individual

claims and allow four separate suits to proceed as the requirements of Rule 20 for permissive joinder have not been met.  Rule 20 of the Federal Rules of Civil Procedure states:

> **20 (a) Persons who may join or be joined.**
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
>
> (B) any question of law or fact common to all plaintiff's will arise in the action.

In the Amended Complaint, each plaintiff discusses their own individual medical maladies, their onset, what medications they were or were not prescribed, as well as what individuals on staff they spoke to, or were treated by. None of the plaintiffs' claims is analogous to the others'. Each of the four separate plaintiffs suffers from different and distinct medical conditions, was treated during different periods of time, and allege different perceived deficiencies in the care they received.

Hoban alleges an ear infection, sciatica, a stomach illness, and a face rash. Papaleo alleges that he suffered from hypertension, trauma to his kidney, MRSA, and Herpes, and that he received poor dental care. Sims claims to suffer from nerve damage, arthritis, high cholesterol, bipolar disorder and shortness of breath. Picket alleges that he suffered a thumb injury and that as a result of unclean conditions in the jail, it became infected. Not only do each of the named plaintiffs allege different medical conditions, each makes accusations against different individuals and raises different arguments relative to prevention, diagnosis, and treatment.

A complaint under §1983 for denial of medical treatment must show that the defendant's actions or omissions amounted to a "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L.Ed.2d 251, 97 S.Ct. 285 (1986). To do so, he must allege that

the defendant's actions or omissions amounted to a sufficiently serious deprivation of his constitutional rights and were brought about by the defendant in his wanton disregard for those rights. *Wilson v. Seiter*, 501 U.S. 294, 298-300, 111 S.Ct. 2321, 2324-25 (1991). The petitioner must satisfy both the objective and subjective standards set forth in *Wilson*. *Id.*; See also *Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y. 1992).

Plaintiff must allege facts sufficient to show that "the defendants had actual knowledge that there was a substantial risk that [the plaintiff] might die or suffer grievous harm…and, despite such knowledge, deliberately imposed such a risk on [the plaintiff]." *Salazar v. City of Chicago et al.*, 940 F.2d 233, 238 (7th Cir. 1991).

## CONCLUSION

The controlling issue in the case at bar is what defendants knew or did not know about each of the plaintiffs' medical conditions. Thus an independent analysis of each individuals conditions and treatments is necessary before it can be established that the defendants were or were not deliberately indifferent to that particular plaintiff's medical needs. The fact that an individual analysis is necessary, gives strength to defendants argument that joinder is inappropriate in this case and that the parties should be severed.

**WHEREFORE YOUR DEFENDANTS PRAY:**

1. That this Honorable Court sever plaintiffs' claims, dismiss the complaint and allow each to proceed independently;

2. That the court stay defendants obligation to answer the complaint at bar pending resolution of this Motion;

3. That this Honorable Court grant any other relief it deems just.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    <u>S/ Jamie M. Sheehan</u>
        Jamie M. Sheehan
        Torts/Civil Rights Litigation Section
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-6772