**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH HOBAN, PETER PAPALEO, GLENN SIMS, and TROLUS PICKETT, | ) ) ) | |
| Plaintiff, | ) ) | 09 C 2218 |
| vs. | ) ) | Honorable Judge Rebecca R. Pallmeyer |
| TOM DART, individually and in his official capacity as Sheriff of Cook County, SALVADOR GODINEZ, individually and in his official capacity as Executive Director of Cook County Jail, JOHN MUELLER, individually and in his official capacity as Supervisor of Program Services for the Cook county Jail, THOMAS SNOOKS, individually and in his official capacity as former Superintendent of Division 10 of Cook County Jail, DAVID FARGUS, individually and in his official capacity as the Chief Operating Officer of Cermak Health Services of Cook county, NURSE JONES, Individually and in her official capacity as a Nurse for New Cermak Health Services, NURSE PRICE, individually and in her official capacity as nurse for New Cermak Health Services, NURSE MORRISON, individually and in her official capacity as a nurse for New Cermak Health Services, NURSE CLAY, individually and in her official capacity as a nurse for New Cermak Health Services, and COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME Defendants THE COUNTY OF COOK, TOM DART, Cook County Sheriff, SALVADOR GODINEZ, JOHN MUELLER, DAVID FAGUS, SUPERINTENDANT SNOOKS, NURSE CLAY, NURSE MORRISON, NURSE PRICE, and NURSE JONES, by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant,

JAMIE M. SHEEHAN, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.

## INTRODUCTION

Plaintiffs, Joseph Hoban, Peter Papaleo, Glenn Simms and Truolus Pickett jointly filed a *pro se* complaint on April 9, 2009, alleging deliberate indifference to their individual medical needs by the various defendants. On July 7, 2009, the Court appointed counsel to the plaintiffs. On November 10, 2009, counsel filed a two count Amended Complaint on behalf of the four plaintiffs. Count I, advances a claim of deliberate indifference to a serious medical need in violation of the Fourteenth Amendment and seeks injunctive and declaratory relief, while in Count II, plaintiff's again advance a claim for deliberate indifference but in the alternative seek both compensatory and punitive damages.

## STANDARD OF REVIEW

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). When reviewing a pro se complaint, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, a plaintiff must

allege sufficient facts in the complaint to outline the elements of a cause of action to withstand a defendant's motion to dismiss. *Ellsworth v. City of Racine*, 774 F.2d 183, 184 (7th Cir. 1985), *cert. denied*, 106 S.Ct 1265 (1986) While a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## ARGUMENT

## I. DEFENDANTS ARE NOT LIABLE IN THEIR INDIVIDUAL CAPACITY

In order for the Plaintiffs to state a cause of action against the Defendants pursuant to 42 U.S.C. § 1983, they must allege that the Defendants caused or participated in the alleged constitutional deprivation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Therefore, the Defendants can only be held liable in their individual capacities if, by their own conduct, they caused or participated in the alleged constitutional violations. *Armstrong v. Squadrito*, 152 F.3d 564, 581(7th Cir. 1998), citing *Duckworth v. Franzen*, 780 F.2d at 650.

Liability under Section 1983 must be premised on a personal involvement in the deprivation of the constitutional right, not vicarious liability, "…a 'person' should not be liable on respondeat superior grounds, but only when he or she has personally engaged in a violation of the act…", *Davis v. Zirkelbach,* 149 F.3d 614, 619 (7th Cir. 1998).

In the present case, the Plaintiffs have failed to allege an affirmative link between the alleged constitutional violation and Defendants Dart, Godinez, Mueller, Fargus and Snooks. *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Rather, it is clear that these defendants

have been sued based solely on their respective positions of authority. No indication is present that any of these individuals in any way participated in the plaintiffs medical treatment or denied plaintiffs the same. As stated, Plaintiffs cannot merely state the chain of command and rely on a theory of *respondeat superior* to state a section 1983 cause of action. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988) citing *Duckworth*, 780 F.2d at 650.

The Plaintiffs' failure to support their claims with allegations concerning Dart, Godinez, Mueller, Snooks or Fargus' personal involvement in the alleged deprivations forms the basis for dismissal of this action against Dart, Godinez, Mueller, Snooks and Fargus in their individual capacity.

II. THE DEFENDANTS ARE NOT LIABLE IN THEIR OFFICIAL CAPACITY

Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. Kentucky v. Graham, 473 U.S. 157, 167, 105 S.Ct. 3099 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless the plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official policy, custom or practice. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1977). In Monell, the Supreme Court held:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that a government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694, 98 S.Ct. at 2037.  Plaintiff must allege a "specific pattern or series of incidents that support the general allegation" that a policy, custom or practice was in existence in the governmental entity.  Hossman v. Blunk, 784 F.2d 793, 796 (7th Cir. 1986).

The Seventh Circuit has outlined what showing must be made by a plaintiff in an official capacity suit:

The case law has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy:  (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted).  Most importantly, a plaintiff must establish that the municipal policies or customs were the "moving force" behind the alleged constitutional tort.  Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981).  See also Colburn, 946 F.2d at 1027; and Beddingfield v. City of Pulaski, Tenn., 861 F.2d 968, 971 (6th Cir. 1988).

The Plaintiff fails to allege the existence of any policy, custom, or practice of the Defendants as being the moving force in the alleged attack on him. Rather, what the plaintiffs do is to repeatedly cite to a report done by the Department of Justice as though it had been an investigation of their personal claims and its conclusions as somehow determinative of defendants liability. [ see ¶ 19-20, 27, 30, 34, 36, ]

<u>III. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANTS FOR DELIBERATE INDIFFERENCE</u>

A complaint under §1983 for denial of medical treatment must show that the defendant's actions or omissions amounted to a "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L.Ed.2d 251, 97 S.Ct. 285 (1986). To do so, he must allege that the defendant's actions or omissions amounted to a sufficiently serious deprivation of his constitutional rights and were brought about by the defendant in his wanton disregard for those rights. *Wilson v. Seiter*, 501 U.S. 294, 298-300, 111 S.Ct. 2321, 2324-25 (1991). The petitioner must satisfy both the objective and subjective standards set forth in *Wilson*. *Id.*; See also *Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y. 1992).

In *Estelle*, the Supreme Court noted while deliberate indifference to serious medical needs could amount to a deprivation of a prisoner's constitutional rights, negligence alone does not constitute such a violation. *Estelle*, 429 U.S. at 104-06. The court stated that the complaint must allege conduct that is "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle*, at 102, 105-6. Plaintiff must allege facts sufficient to show that "the defendants had actual knowledge that there was a substantial risk that [the plaintiff] might die or suffer grievous harm…and, despite such knowledge, deliberately imposed such a risk on [the plaintiff]." *Salazar v. City of Chicago et al.*, 940 F.2d 233, 238 (7th Cir. 1991).

The court in *Farmer v. Brennan*, 114 S.Ct. 1970, 1980 (1994) analogized deliberate indifference to recklessness as defined by criminal law. "An act is reckless in the pertinent sense when it reflects complete indifference to risk--when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie v. City of*

*Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)(en banc)(emphasis added) Mere negligence or even gross negligence does not amount to deliberate indifference. *Id*.

Plaintiff must allege facts sufficient to show that "the defendants had actual knowledge that there was a substantial risk that [the plaintiff] might die or suffer grievous harm…and, despite such knowledge, deliberately imposed such a risk on [the plaintiff]." *Salazar v. City of Chicago et al.*, 940 F.2d 233, 238 (7th Cir. 1991).

In the complaint, Hoban alleges an ear infection, sciatica, a stomach illness, and a face rash. Papaleo alleges that he suffered from hypertension, trauma to his kidney, MRSA, Herpes, and that he received poor dental care. Sims claims to suffer from nerve damage, arthritis, high cholesterol, bipolar disorder and shortness of breath. Picket alleges that he suffered a thumb injury and that as a result of unclean conditions in the jail, it became infected. Plaintiff must allege that the deprivation of medical care was sufficiently serious to meet the objective component of the deliberate indifference analysis. *Wilson*, 111 S.Ct. at 2324, 501 U.S. at 298. Plaintiffs have failed to do so especially in light of the non life threatening maladies from which they are alleged to have suffered**.**

Second, Plaintiffs fail to allege the subjective component of the deliberate indifference analysis by failing to allege that the defendants acted or failed to act with a sufficiently culpable state of mind. Plaintiffs, despite the filing of this 121 paragraph complaint, have failed to at any point detail how any of the named defendants either treated or failed to treat them for their various conditions. The individuals named as having treated plaintiffs are not listed as defendants, while those named as defendants are accused of various things, none of which have anything to do with being deliberately indifferent to the plaintiff's medical needs. [ see for example ¶ 52, 79, 93]

Plaintiffs have failed to allege that the defendants deliberately imposed upon them the risk of death or grievous harm as a result of their actions. Plaintiffs also fail to allege that defendants acted or failed act with a sufficiently culpable state of mind regarding their conditions. Plaintiffs therefore fail to satisfy the subjective component of the deliberate indifference analysis.

Although Plaintiffs are entitled to liberal notice pleading, a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of 12(b)(6). *Panares v. Liquid Carbonic Industries Corp.*, 74 F.3d 786, 792 (7th Cir. 1996). Plaintiff has failed to satisfy either the objective or subjective prongs of *Wilson*, therefore the complaint should be dismissed.

### IV. PLAINTIFFS ARE NOT ENTITLED TO CLAIM PUNITIVE DAMAGES IN A 42 U.S.C. § 1983 ACTION AGAINST COOK COUNTY

Plaintiffs seek compensatory and punitive damages in this action. Assuming *arguendo* that Plaintiffs have stated a cause of action upon which relief can be granted, Plaintiffs are not entitled to punitive damages in a 42 U.S.C. § 1983 action against the Defendant COOK COUNTY. It is well settled that punitive damages are unavailable in a 42 U.S.C. § 1983 action against a municipality, where the claim is based solely on official capacity. Newport v. Fact Concerts, Inc., 453 U.S. 247, 271-72, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981), Olison v. Ryan, 2000 U.S. Dist. LEXIS 13074 (N.D. Ill. September 5, 2000) (J. Coar). Therefore, this portion of Plaintiff's Complaint should be stricken.

### CONCLUSION

**WHEREFORE**, defendants THE COUNTY OF COOK, TOM DART, Cook County Sheriff, SALVADOR GODINEZ, JOHN MUELLER, DAVID FAGUS, SUPERINTENDANT SNOOKS, NURSE CLAY, NURSE MORRISON, NURSE PRICE, and NURSE JONES

respectfully request that this Honorable Court dismiss the Complaint against them with prejudice and grant such other relief as this court deems appropriate.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    S/ Jamie M. Sheehan
        Jamie M. Sheehan
        Torts/Civil Rights Litigation Section
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-6772