**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH HOBAN, PETER PAPALEO, | ) | |
| GLENN SIMS, AND | ) | |
| TROLUS PICKETT | ) | |
| | ) | No. 09 CV 2218 |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge |
| THOMAS DART, Sheriff of Cook County | ) | Gary Feinerman |
| *et. al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO SEVER PURSUANT TO RULE 21**

NOW COME Defendants THOMAS DART, DAVID FAGUS, SALVADOR GODINEZ,

JOHN MUELLER, COOK COUNTY, NURSE CLAY, NURSE MORRISON, NURSE PRICE,

and NURSE JONES, by their attorney ANITA ALVAREZ, State's Attorney of Cook County,

through her assistants PATRICK S. SMITH and SCOTT NEHLS, and pursuant to Rule 21 of the

Federal Rules of Civil Procedure move this court to sever the misjoinder of Plaintiffs' claims

into four separate causes of action.  In support of this motion, Defendants state as follows:

INTRODUCTION

1. Plaintiffs Hoban, Papaleo, Sims, and Pickett jointly filed a *pro se* complaint on April 9,
   2009, alleging deliberate indifference to their individual medical needs by the various
   defendants.

2. On July 7, 2009, the Court appointed counsel for the plaintiffs.  In its minute order, the
   Court states that counsel was to advise the Court whether severance was appropriate
   (Dkt. 30)

3.  On November 10, 2009, counsel filed an Amended Complaint on behalf of the four plaintiffs.  (Dkt. 48)

4.  On January 29, 2010, former Assistant State's Attorney Jaime Sheehan submitted Defendants' Motion to Sever.  (Dkt. 67)

5.  On February 8, 2010, the Court entered and continued Defendants' Motion to Sever generally.  (Dkt. 69)

## ARGUMENT

**I.   Plaintiffs' claims should be severed pursuant to Rule 21 because they are distinct and separate.**

Plaintiffs do not meet the qualifications for joinder of parties.  Therefore, Defendants respectfully request that the Court sever Plaintiffs' claims and allow four separate lawsuits to proceed.  Federal Rule of Civil Procedure 20(a) states that multiple plaintiffs may be joined in one action if:  "(1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a).  The Court may sever any claim against a party when joinder is inappropriate. Fed. R. Civ. P. 21.  Additionally, a district court can sever claims under Rule 21, and create separate proceedings, as long as the claims are "discrete and separate." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiffs do not assert any right to relief jointly, severally, or arising out of the same transactions or occurrences because each plaintiff's medical issues were distinct, occurred at different times, and involved different individuals.  Plaintiffs' Amended Complaint illustrates the difference between each of the plaintiff's claims by individually describing each plaintiff's medical issue, the onset of the medical issue, the treatment of the medical issue, and who treated

2

the medical issue. Each plaintiff describes very different medical conditions giving rise to his

cause of action:

- Hoban asserts that he suffered an ear infection, sciatica, a stomach illness, and a face rash.

- Papaleo alleges hypertension, kidney trauma, MRSA, Herpes, and poor dental care.

- Sims alleges nerve damage, arthritis, high cholesterol, bipolar disorder, and shortness of breath.

- Pickett alleges a thumb injury, which became infected because of allegedly unclean jail conditions.

Clearly, each of the above conditions is a distinct medical issue that does not arise from

the same occurrence or transaction.

Additionally, there are no common facts or issues of law giving rise to Plaintiffs' claims.

In fact, the law requires an individual analysis of each defendant's response to each plaintiff's

medical and mental care to determine deliberate indifference. To prevail on a Section 1983

Claim for denial of medical treatment, a plaintiff must show (1) that the plaintiff suffered a

serious harm, which presented a substantial risk to his safety; and (2) the defendant was

deliberately indifferent to that risk. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

The deliberate indifference element requires that a defendant was subjectively aware of a

substantial risk to a plaintiff and intentionally disregarded that risk. *Id*. at 761 (*citing Matos ex*

*rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003).

Each plaintiff's case revolves around distinct questions of fact regarding whether the

plaintiff's medical condition caused a serious harm that presented a substantial risk to his safety,

whether each defendant knew of the particular risk that condition posed, and whether each

defendant intentionally disregarded that risk. Given that none of the conditions are similar,

occurred at the same time, or involved the same people, each plaintiff's case requires a separate

factual inquiry and does not support a joinder of their claims.  The only similarity between Plaintiffs' cases is that all four were incarcerated at the Cook County Jail and decided to file the same cause of action.  This is not enough to support a joinder of four distinct cases.

**II.     The continued joinder of Plaintiffs' claims burdens Defendants, taxpayers, and the judicial system.**

Continued joinder of Plaintiffs' claims would be costly and burdensome for Defendants, taxpayers, and the judicial system.  All Plaintiffs are incarcerated in different areas of the state, including Pontiac, Cook County Department of Corrections, and Hill Department of Corrections. All Plaintiffs will be incarcerated at the time of their jury trial.  Therefore, coordinating the travel of four incarcerated plaintiffs and possibly incarcerated witnesses is burdensome and costly.

Additionally, the judicial interests typically served by joinder of parties – increased efficiency and resolution of central issues – are not served by joinder in this case.  There are no central questions of fact or law in all of the Plaintiffs' claims.

Lastly, the Plaintiffs will not be prejudiced by severance because they will still all be able proceed individually.  This is not a case where no joinder would disable some or all of the parties from proceeding.  Therefore, the burden on Defendants and the judicial system should prevent Plaintiffs' joinder.

CONCLUSION

Joinder of Plaintiffs' claims is inappropriate because the claims do not arise from the same occurrences, and an independent factual analysis of each claim is necessary to determine whether defendants were deliberately indifferent to a serious medical need.  Because there is misjoinder of Plaintiffs and Plaintiffs' claims are "separate and distinct," the Court should sever the parties pursuant to Rule 21 of the Federal Rules of Civil Procedure.

**WHEREFORE, THE DEFENDANTS PRAY:**

1. That this Honorable Court sever Plaintiffs' claims, dismiss the complaint, and allow each

   plaintiff to proceed individually.

2. That this Honorable Court grand any other relief it deems just and appropriate.


                Respectfully Submitted,


                ANITA ALVAREZ
                State's Attorney of Cook County

By:    /s/ Patrick Smith_____
                Patrick Smith
                Assistant State's Attorney
                Conflicts Counsel Unit, Deputy Supervisor
                69 W. Washington St., Suite 2030
                Chicago, IL 60602
                Tel. (312) 603-1422

                /s/ Scott Nehls_____
                Scott Nehls
                Assistant State's Attorney
                Torts/Civil Rights
                50 W. Washington, 5th fl.
                Chicago, Illinois 60602
                Tel. (312) 603-3473