**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH HOBAN, PETER PAPALEO, GLENN SIMS, and TROLUS PICKETT, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.  09 CV 2218 |
| vs. | ) ) ) | Judge Gary Feinerman |
| TOM DART, individually and in his official capacity as Sheriff of Cook County, *et al.*, | ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO SEVER PURSUANT TO RULE 21**

NOW COME Plaintiffs JOSEPH HOBAN, PETER PAPALEO, GLENN SIMS,

and TROLUS PICKETT, (the "Plaintiffs") by and through their attorneys, and for their Response

to the Defendants' Motion to Sever, state as follows:

**PRELIMINARY STATEMENT**

Defendants' Motion to Sever renews a request that Defendants unsuccessfully

presented to Judge Pallmeyer earlier in this case.  By their Motion to Sever, Defendants are

asking this court to splinter this case into four separate proceedings, thereby multiplying the

burdens on this Court, the Plaintiffs, the Defendants, and witnesses.  Defendants are requesting

severance before discovery has been completed, and before any of the Defendants have made

themselves available to be deposed.  The Motion to Sever should be denied because the

Plaintiffs' claims are properly joined under Rule 20(a)(1), and because severance of the

1

Plaintiffs' claims would hinder judicial economy and interfere with the Plaintiffs' ability to efficiently prosecute their claims.

## FACTUAL BACKGROUND

### a. Initial Stages Of The Case

The Plaintiffs filed their original, *pro se*, complaint on April 9, 2009 [Docket Number 1]. The case was assigned to the Honorable Judge Rebecca R. Pallmeyer.

On July 7, 2009, Judge Pallmeyer entered an order (the "Appointment Order" attached as Exhibit A) [Docket No. 30] appointing William J. McKenna, Jr., of Foley & Lardner LLP to represent the Plaintiffs in this action. The Appointment Order further states that: "Counsel is invited to advise the court whether an amended complaint will be filed, whether any conflicts preclude joint representation of the Plaintiffs, or whether severance (and the appointment of additional counsel) may be appropriate."

On November 10, 2009, the Plaintiffs, through appointed counsel, filed their Amended Complaint [Docket Number 48], alleging that the Defendants denied each of the Plaintiffs medical care for a serious need while the Plaintiffs were held as pretrial detainees in the Cook County Jail.

### b. The Original Motion To Sever Was Stricken by Judge Pallmeyer

On January 29, 2010, the Defendants filed their Motion to Sever Pursuant to Rule 21 (the "Original Motion to Sever") [Docket No. 67].

The Original Motion to Sever came before Judge Pallmeyer for presentment on February 8, 2010. At that time, counsel for the Plaintiffs argued to the Court that the motion

2

should be denied because the Plaintiffs' joinder as parties satisfied the requirements of Rule 20(a)(1) of the Federal Rules of Civil Procedure.

At the February 8, 2010 hearing, Judge Pallmeyer entered and continued the Original Motion to Sever generally [Docket No. 69, attached as <u>Exhibit B</u>]. The rationale behind Judge Pallmeyer's decision to enter and continue the Original Motion to Sever was that the arguments for or against severance could not be fully evaluated until fact discovery had been conducted, and furthermore, that discovery could move forward most efficiently with the Plaintiffs joined. Judge Pallmeyer noted from the bench that the severance issue might have to be reviewed before trial, but that severance was not appropriate at that early point in the case.

On August 26, 2010, Judge Pallmeyer entered an order [Docket No. 98, attached as <u>Exhibit C</u>] extending the discovery schedule, referring supervision of discovery to Magistrate Judge Denlow, and striking the Original Motion to Sever without prejudice. Viewed as a whole, the order striking the Original Motion to Sever illustrates that Judge Pallmeyer intended for discovery to move forward before the severance issue would be revisited.

### c. Discovery Has Not Been Completed

The Plaintiffs and the Defendants have each propounded one set of document requests and one set of interrogatories on their opposing parties.

The Plaintiffs and the Defendants have each responded to their opposing parties' first set of document requests and interrogatories.

On May 19, 2011, Plaintiffs' counsel sent a letter to Defendants' counsel objecting to Defendants' assertion of their purported privilege to withhold certain documents and communications under the Illinois Medical Studies Act (attached as <u>Exhibit D</u>). Plaintiffs' counsel has requested a detailed privilege log and an explanation of the purported application of

3

the Medical Studies Act privilege. To date, Defendants' counsel has not stated whether a privilege log will be provided, and has offered no explanation for why the Medical Studies Act would be applicable.

Each of the Plaintiffs has been made available for deposition, and has been deposed. On March 28, 2011, Defendants took the deposition of Plaintiff Joseph Hoban. On April 6, 2011, Defendants' counsel took the deposition of Plaintiff Peter Papaleo. On April 8, 2011, Defendants' counsel took the deposition of Plaintiff Trolus Pickett. On April 28, 2011, Defendants' counsel took the deposition of Plaintiff Glenn Sims.

Counsel for the Plaintiffs has made numerous requests to depose five of the Defendants, but to date no Defendant has been made available for deposition. On February 28, 2011, Plaintiffs' counsel served a Notice of Deposition seeking to depose Defendant Thomas Snooks on March 23, 2011. In response, on or about March 16, 2011, Defendants' counsel Scott Nehls informed Plaintiffs' counsel that the deposition of Mr. Snooks could not take place, because a conflict of interest prevented Mr. Nehls from continuing to represent Mr. Snooks. Plaintiffs' counsel has made repeated requests to Defendants' counsel to provide the name of Mr. Snooks' new counsel as soon as it is known, but to date such new counsel has not been identified, and has not filed an appearance.

Also on February 28, 2011, Plaintiffs' counsel served a Notice of Deposition seeking to depose Defendant Cynthia Jones on March 21, 2011. On or about March 16, 2011, Defendants' counsel Patrick Smith informed Plaintiffs' counsel that the deposition of Ms. Jones could not take place on the requested date.

4

On May 20, 2011, Plaintiff's counsel served Notices of Deposition seeking to depose Defendants Cynthia Jones, Judy Price, Diane Morrison, and Theresa Clay on June 2, 3, 6, and 7, respectively.  On May 23, 2011, Defendants' counsel Patrick Smith informed Plaintiffs' counsel that Mr. Smith was not available to participate in the depositions on those dates.  In order to accommodate Mr. Smith's unavailability, on May 23, 2011, Plaintiffs' counsel proposed to reschedule those depositions for June 9, 10, 13, and 14, respectively.  Despite at least five emails to Mr. Smith requesting that he confirm whether he would make his clients available for deposition on those dates, Plaintiff's counsel has received no communication from Mr. Smith regarding these proposed deposition dates.  Consequently, none of the Defendants have been deposed.

## STANDARDS APPLICABLE TO MOTION TO SEVER

A motion under Rule 21 to sever plaintiffs' joined claims into individual cases must be evaluated under the standards for joinder articulated in Rule 20(a).  *See, e.g., Dean v. City Of Chicago*, 2009 WL 2848865 at *3 (N.D. Ill. Aug. 31, 2009) ("The propriety of joinder is determined pursuant to Federal Rule of Civil Procedure 20(a).").  Incarcerated persons can join together as plaintiffs on the same basis as any other plaintiffs where their complaint satisfies the requirements of Rule 20.  *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) ("Because the PLRA does not repeal or modify Rule 20, district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied.").

Rule 20(a)(1) of the Federal Rules of Civil Procedure states:

Persons may join in one action as plaintiffs if:
(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

CHIC_5417233.1

(B) any question of law or fact common to all plaintiffs will arise
in the action.

Fed. R. Civ. P. 20(a)(1); *see also Hawkins v. Groot Industries, Inc.*, 210 F.R.D. 226, 229 (N.D.

Ill. 2002) ("Rule 20(a) allows permissive joinder of plaintiffs if they assert claims 'arising out of

the same transaction, occurrence, or series of transactions or occurrences and if any question of

law or fact common to all those persons will arise in the action.'").

Rule 20(a) contains two distinct requirements for joinder of plaintiffs in a single

action: "transactional relatedness" (contained in Rule 20(a)(1)(A)) and "commonality"

(contained in Rule 20(a)(1)(B)). 4 *Moore's Fed. Practice* § 20.02[1][a] (3d ed. 2011). As long

as the two-part test is satisfied, multiple plaintiffs may join their claims in a single action. *Id.*

"With respect to Rule 20(a), the Supreme Court has held that 'joinder of claims,

parties and remedies is strongly encouraged.'" *Wilson v. Peslak*, 2005 WL 1227316 at *2 (N.D.

Ill. May 12, 2005) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct.

1130, 16 L.Ed.2d 218 (1966)). The purpose of Rule 20(a) is to promote judicial economy.

*Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

## ARGUMENT

I. **THE PLAINTIFFS' CLAIMS ARE PROPERLY JOINED BECAUSE THEY CONTAIN 'TRANSACTIONAL RELATEDNESS' AND 'COMMONALITY'**

a. **Plaintiffs' Claims Have 'Transactional Relatedness'**

The claims asserted by the Plaintiffs satisfy the transactional relatedness prong of

Rule 20(a)(1)(A) because the claims arise "out of the same transaction, occurrence, or series of

transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A).

6

The common series of transactions or occurrences experienced by the Plaintiffs includes the following:

> i.  **Confinement in Division 10**: each of the Plaintiffs were detained in Division 10 of Cook County Jail during the time period covered by the Amended Complaint;
>
> ii.  **Sick Call Procedure**: each of the Plaintiffs were harmed by the inadequate sick call procedures in effect at Cook County Jail, as administered and implemented by the Defendants;
>
> iii.  **Administration of Medications**: each of the Plaintiffs were harmed by the Defendants' inadequate administration of medications;
>
> iv.  **Monitoring of Health Conditions**: each of the Plaintiffs were harmed by the inadequate testing and monitoring of health conditions in Cook County Jail;
>
> v.  **Threats by Superintendent Snooks**: on December 8, 2008, each of the Plaintiffs were subjected to unlawful threats and intimidation made by Defendant Snooks.

The Plaintiffs' allegations satisfy the transactional relatedness prong of Rule 20(a)(1)(A) because allegations of a system of decision making or widely held policy of deprivation or constitutional rights "constitute a single transaction for Rule 20(a) purposes." *Hawkins v. Groot Industries, Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002); *see also Dean v. City Of Chicago*, 2009 WL 2848865 at *3 (N.D. Ill. Aug. 31, 2009) (finding of transactional relatedness supported by "a common set of allegedly improper practices").

### b.  Plaintiffs' Claims Have 'Commonality'

The claims asserted by the Plaintiffs satisfy the commonality prong of Rule 20(a)(1)(B), which requires that "any question of law or fact common to all plaintiffs will arise in the action.." Fed. R. Civ. P. 20(a)(1)(B).  "Multiple plaintiffs are free to join their claims in a single suit when '*any* question of law or fact common to all plaintiffs will arise in the action.'"

CHIC_5417233.1

*Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (citing Fed. R. Civ. P. 20(a)(1)(B))

(emphasis added by court). "Rule 20 only requires common issues of either law *or* fact for

proper joinder." *Wilson v. Peslak*, 2005 WL 1227316 at *2 (N.D. Ill. May 12, 2005)(emphasis in

original). "The common question need not predominate . . . for permissive joinder." *Lee*, 635

F.3d at 971.

Each Plaintiff in this case asserts a claim under 42 U.S.C. § 1983 for violation of

the Plaintiff's Fourteenth Amendment rights based upon deliberate indifference to serious

medical needs. Each Plaintiff's claim relies on essentially the same legal theory, raising

common questions of law that affect each Plaintiff.

Common questions of law have already arisen in this case, and will continue to

arise, including:

    i.    Whether Defendants' policies, customs, practices, acts, and
omissions alleged in the Amended Complaint are unlawful and violate Plaintiffs'
rights under the Constitution and laws of the United States;

    ii.    Whether Defendants Dart, Godinez, Mueller, Fargus and Snooks
can be sued in their individual capacities, or only in their official capacities;

    iii.    Whether Defendants are entitled to withhold from production to
Plaintiffs responsive documents requested in Plaintiffs' First Set of Document
Requests to Plaintiff on the theory that such documents are privileged under the
Illinois Medical Studies Act.

Common questions of fact have also already arisen in this case, and will continue

to arise, including:

    i.    Facts concerning the policies, customs, practices, and procedures
of the sick call procedures at Cook County Jail;

    ii.    Facts concerning the policies, customs, practices, and procedures
of the administration of medications at Cook County Jail;

iii.     Facts concerning the policies, customs, practices, and procedures of the monitoring of health conditions at Cook County Jail;

iv.     Facts concerning the threats made by Defendant Thomas Snooks to all Plaintiffs on December 8, 2008.

The common questions of law and fact listed above satisfy the commonality requirement of Rule 20(a)(1)(B).  See, e.g., *Lee*, 635 F.3d at 971 (finding Rule 20(a)(1)(B) satisfied, because "[w]hether the Cook County prison system discriminates against black employees when making promotions is a question common to all plaintiffs' claims."); *Hawkins*, 210 F.R.D. at 230 (finding Rule 20(a)(1)(B) satisfied, because "whether defendants' conduct amounts to a hostile work environment in violation of Title VII or § 1981" involved "same issues of law and fact").

## II.     SEVERANCE WOULD HINDER JUDICIAL ECONOMY

Fracturing this case into four separate lawsuits would multiply the burdens upon this Court, the parties, and the Plaintiffs' court-appointed counsel.  At every stage of this litigation, the time, effort, and expense required to proceed would be increased dramatically if severance were granted: Defendants would have to submit to multiple depositions concerning the same facts; identical discovery disputes (such as Defendants' assertion of the Medical Studies Act privilege) would have to be argued multiple times; dispositive motions arguing identical legal and factual theories would have to be filed in quadruplicate; multiple eventual settlement conferences might have to be held; and so on, and so on.

Judge Pallmeyer struck Defendants' Original Motion to Sever without prejudice so that this case could efficiently proceed through discovery as a single action.  Since that time, nothing has changed that would justify severance: the Defendants have not been made available for deposition; the Defendants have asserted a right to withhold responsive documents under the

9

Medical Studies Act privilege, which privilege has been contested by the Plaintiffs; and the Defendants have refused to hold a settlement conference before the Magistrate.

"Rule 20 was designed to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Gorence v. Eagle Food Centers, Inc.*, 1996 WL 734955 at *3 (N.D. Ill. Dec. 19, 1996). The best chance for an expeditious resolution of the instant action is to deny Defendants' Motion to Sever and keep the Plaintiffs claims joined in a single action. To sever this case into four separate lawsuits at this stage would greatly increase the burdens upon this Court, the parties, and the Plaintiffs' court-appointed counsel.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court deny the Motion to Sever and provide Plaintiffs such further relief as is just and appropriate.

Dated: June 13, 2011

Respectfully submitted,

Joseph Hoban, Peter Papaleo, Glenn Sims, and Trolus Pickett

By:   /s/ Lars A. Peterson
William J. McKenna, IL Bar No. 3124763
Lars A. Peterson, IL Bar No. 6293551
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL  60654-5313
Ph. 312.832.5394
Fax: 312.832.4700

*Appointed Attorneys for Joseph Hoban, Peter Papaleo, Glenn Sims, and Trolus Pickett*

10

**<u>CERTIFICATE OF SERVICE</u>**

        I, Lars A. Peterson, hereby certify that on June 13, 2011, I electronically filed the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER PURSUANT TO RULE 21** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following ECF parties:

- Jamie Melissa Sheehan    jsheeh@cookcountygov.com

- Scott Andrew Nehls    scott.nehls@cookcountyil.gov

- James Charles Pullos  james.pullos@cookcountyil.gov

- Patrick Stephen Smith    patrick.smith@cookcountyil.gov

                       /s/ Lars A. Peterson
                       Lars A. Peterson

11

CHIC_5417233.1

# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2218 | **DATE** | 7/7/2009 |
| **CASE TITLE** | Joseph Hoban, et al vs. Tom Dart, et al | | |

**DOCKET ENTRY TEXT**

The court appoints Attorney William J. McKenna, Jr. of Foley and Lardner, 321 North Clark Street, Suite 2800, Chicago, IL 60610, to represent Plaintiffs consistent with counsel's trial bar obligations. Appointed counsel is directed to file his appearance promptly. Summons will not issue at this time, however. A status conference is set for September 3, 2009 at 9:00. Counsel is invited to advise the court whether an amended complaint will be filed, whether any conflicts preclude joint representation of the Plaintiffs, or whether severance (and the appointment of additional counsel) may be appropriate.

Docketing to mail notices.

| | | Courtroom Deputy Initials: | ETV |
|---|---|---|---|

# EXHIBIT B

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2218 | **DATE** | 2/8/2010 |
| **CASE TITLE** | Joseph Hoban, et al vs. Tom Dart, et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Defendants' motion to sever pursuant to Rule 21 [67] entered and continued generally. Rule 16 conference set for 2/9/2010 stricken and reset to 2/22/2010 at 9:00 AM.

Notices mailed by Judicial staff.

00:08

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

# EXHIBIT C

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2218 | **DATE** | 8/26/2010 |
| **CASE TITLE** | Joseph Hoban, et al vs. Tom Dart, et al | | |

**DOCKET ENTRY TEXT**

Status hearing held on 8/26/2010. Fact discovery close date extended to 11/15/2010. All discovery to be complete by 1/6/2011. Status hearing set for 10/28/2010 at 9:00 AM. Motion to sever [67] stricken without prejudice. Referral to Magistrate Judge Denlow is expanded to include discovery supervision.

Notices mailed by Judicial staff.

00:03

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

# EXHIBIT D



**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**

321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
312.832.4500 TEL
312.832.4700 FAX
foley.com

WRITER'S DIRECT LINE
312.832.5394
lapeterson@foley.com EMAIL

CLIENT/MATTER NUMBER
999400-3473

May 19, 2011

<u>VIA E-MAIL AND U.S. MAIL</u>

Scott Nehls, Esq.　　　　　　　　　　　Patrick Smith, Esq .
Assistant State's Attorney　　　　　　　Assistant State's Attorney
Torts and Civil Rights Section　　　　　Deputy Supervisor
Cook County State's Attorney's Office　　Conflicts Counsel Unit
500 Richard J. Daley Center　　　　　　Cook County State's Attorney's Office
Chicago, IL  60602　　　　　　　　　　69 W. Washington St., Suite 2030
　　　　　　　　　　　　　　　　　　　Chicago, IL  60602

　　　　**Re: Hoban et al. v. Dart et al., 09-cv-02218**

Dear Mr. Nehls and Mr. Smith:

　　　　　Reference is made to the Defendants' Response to Plaintiffs' First Set of Document Requests (the "<u>Response to Document Requests</u>"), and to the Defendant' Answer to Plaintiffs' Interrogatories submitted by Defendants Cynthia Jones, David Fagus, Theresa Clay, Dianne Morrison, and Judy Price (the "<u>Answers to Interrogatories</u>").

　　　　　In the Response to Document Requests, the response provided to Request 5 states "to the extent this request asks for documents relating to medical personnel, they are protected under the Medical Studies Act."  The Plaintiffs do not believe that the documents, and communications requested are actually privileged under the Medical Studies Act.

　　　　　Similarly, in the Answers to Interrogatories, the Answers provided to Interrogatories 6, 8, and 9 assert that the information requested is privileged under the Illinois Medical Studies Act. The Plaintiffs do not believe that the facts inquired of in the Interrogatories are actually privileged under the Medical Studies Act.

　　　　　The burden of establishing the applicability a privilege under the Medical Studies Act is on the party seeking to invoke the privilege.  <u>See</u>, <u>e.g.</u>, <u>Frigo v. Silver Cross Hosp. and Medical Center</u>, 315 Ill. Dec. 385 (1st Dist. 2007).  Furthermore, the Medical Studies Act only protects statements and information collected on a physician by a hospital's peer review committee, and does not protect all information used for internal quality control.  <u>See id.</u>.

　　　　　In the Instructions to the Document Requests, we stated:

　　　　　　　If any document, or portion thereof, is withheld under a claim of privilege or
　　　　　　　work product, furnish a list identifying each document for which a privilege is
　　　　　　　claimed, together with the following information for each such document:

BOSTON　　　　　JACKSONVILLE　　　MILWAUKEE　　　SAN DIEGO　　　　　SILICON VALLEY
BRUSSELS　　　　LOS ANGELES　　　NEW YORK　　　　SAN DIEGO/DEL MAR　TALLAHASSEE
CHICAGO　　　　 MADISON　　　　　ORLANDO　　　　 SAN FRANCISCO　　　TAMPA
DETROIT　　　　　MIAMI　　　　　　SACRAMENTO　　　SHANGHAI　　　　　 TOKYO
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　WASHINGTON, D.C.

CHIC_5394811.1



FOLEY & LARDNER LLP

Ms. Jamie Melissa Sheehan, Esq.
May 19, 2011
Page 2

| | |
|---|---|
| (a) | the name and address of each author of the document; |
| (b) | the name and address of each sender of the document; |
| (c) | the name and address of each person to whom the original or copies were sent; |
| (d) | the name and address of each person who has seen or participated in communications about the document; |
| (e) | the date of the document; |
| (f) | a description of the nature and subject matter of the document; |
| (g) | the paragraph of the request to which the document relates; and |
| (h) | the privilege claimed, and the basis asserted therefore. |

In the Instructions to the Interrogatories, we stated:

> If a claim of privilege or objection is asserted as to any of the Interrogatories, provide the most complete answer possible and state or identify:
> A. The basis for the claim of privilege or objection;
> B. The names and positions of any person who can answer the Interrogatory;
> C. Any document relating to the portion of the answer withheld.

The Plaintiffs hereby request that you provide a detailed log, in accordance with the instructions to the Document Requests and the Interrogatories, identifying any documents, communications, or information that has been withheld under any assertion of privilege. In particular, we request that you explain in detail the basis for assertion of the privilege, as we do not see how the Medical Studies Act could possibly apply to the discovery we have sought in this case.

Very truly yours,

Lars A. Peterson